UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KEDRON GASTON,

    Plaintiff,

    v.

JACKIE C. HAZELTINE, et al.,

    Defendants.

Case No. 3:21-CV-896 JD

**OPINION AND ORDER**

Defendants, Jackie Hazeltine and Royal Paper Stock Company, have moved to bifurcate the Plaintiff's negligence claim against them from the Plaintiff's spoilation of evidence claim against Defendant Grange Insurance Company.[1] (DE 21.) The Plaintiff, Kedron Gaston, opposes this motion. For the following reasons, the Court denies the motion.

**A. Background**

The facts of the case relevant to this motion are as follows. On a foggy day in 2015, Ms. Gaston was a passenger in a car which struck a stopped semi-trailer truck driven by Mr. Hazeltine and owned by his employer Royal Paper. This accident resulted in severe injuries to Ms. Gaston. Mr. Hazeltine and the truck were covered by an insurance policy provided by Grange Insurance.

Count I of Ms. Gaston's complaint is a claim for negligence and negligent infliction of emotional distress against Mr. Hazeltine and Royal Paper. (DE 19 ¶¶ 13–73.) Specifically, Ms. Gaston alleges that the stopped truck did not have active taillights or brake lights at the time of

---

[1] The phrase "the Defendants" in this order will generally refer to only Mr. Hazeltine and Royal Paper.

the accident and there were no other mechanisms to alert approaching drivers of the truck's presence in the fog. Ms. Gaston argues this constitutes negligent behavior.

Count II of Ms. Gaston's complaint is a claim for spoilation of evidence against Grange. (DE 19 ¶¶ 74–140.) Ms. Gaston alleges that after the accident, an insurance investigator for Grange took the taillights and brake lights ("the lighting system") from the truck and performed destructive testing which made it unavailable as evidence at a potential negligence trial. Ms. Gaston argues that the ability to examine the lighting system and determine whether it was operational at the time of the accident is crucial evidence in resolving her negligence claim.

**B. Legal Standard**

The Defendants' motion presents two distinct requests operating under different legal standards. The first is a motion for bifurcation under Federal Rule of Civil Procedure 42. The second is an argument that Ms. Gaston did not and cannot properly join them as defendants in this suit because she has not satisfied the requirements of Federal Rule of Civil Procedure 20.

Federal Rule of Civil Procedure 42(b) allows a court to separate claims or issues for trial if the separation would prevent prejudice to a party or promote judicial economy. Fed. R. Civ. P. 42(b); *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007). If one of these criteria is satisfied, then the court may order bifurcation as long as it would not prejudice the non-moving party or violate the Seventh Amendment. *Chlopek*, 499 F.3d at 700.

Federal Rule of Civil Procedure 20(2) governs joinder of defendants. This rule indicates defendants may be joined in one action if the right to relief asserted against the defendants jointly, severally, or in the alternative, arises out of the same transaction or occurrence, or series of transactions or occurrences and any question of law or fact common to all defendants will

arise in the action. Fed. R. Civ. P. 20(2)(a)–(b). Rule 21 provides that if there is misjoinder, the solution is for the court to sever the claims or to add or drop a party. Fed. R. Civ. P. 21.

**C. Discussion**

Mr. Hazeltine and Royal Paper have moved for bifurcation of Ms. Gaston's claims and alternatively argue that the claims are not eligible for joinder. Grange has indicated they agree with this motion and the arguments raised therein. (DE 22.) The Court will address each argument in turn.

### (1) *Bifurcation is not appropriate in this case as it would not serve judicial economy and would prejudice the Plaintiff*

The Defendants first argue that bifurcation will serve judicial economy and it is necessary to avoid prejudice to them. The Defendants argue that bifurcation serves judicial economy as the spoilation claim and the negligence claim have little overlap in discovery and little evidence in common. The Defendants argue that a jury may be prejudiced against them after learning they are covered by liability insurance which would cover the cost of any judgment. The Defendants also argue that trying the cases together would cause issues in applying Federal Rule of Evidence 411, which prevents the introduction of evidence of liability insurance at trial to establish culpability. Fed. R. Evid. 411.

In response, Ms. Gaston argues that bifurcation would not promote judicial economy because the evidence between the two claims overlaps, and further, that bifurcation would prejudice her. Specifically, Ms. Gaston argues that the evidence related to the trailer lighting system is central to both claims she is presenting and that she would be prejudiced by having to expend additional time and resources to prosecute two trials covering similar subjects. She

further argues that bifurcating the trials could effectively allow the Defendants in the negligence trial to hide their conduct of destroying evidence.

The Court largely agrees with Ms. Gaston that bifurcation would frustrate judicial economy and prejudice her. The Court recognizes that consolidation may result in some prejudice to the Defendants, but any prejudice to the Defendants can be mitigated or cured at trial by curative instructions or motions *in limine*. Conversely, such measures would be largely ineffective in managing prejudice to Ms. Gaston.

In evaluating the judicial economy considerations, the Court finds the analysis by the Illinois Supreme Court in the case of *Boyd v. Travelers Insurance Company* very useful. 652 N.E.2d 267 (Ill. 1995). Another judge within this district previously noted that *Boyd* provided a helpful discussion of a spoilation claim and that it recommended a spoilation claim be tried with the underlying negligence claim. *Juarez v. Menard, Inc.* 2003 U.S. Dist. LEXIS 25405 (N.D. Ind. May 15, 2003).

*Boyd* is factually quite similar to the instant case as it involved a plaintiff suing a primary defendant, Coleman, for negligence and also bringing a spoilation claim against the primary defendant's insurance company, Traveler's Insurance Company, for allegedly destroying evidence key to the negligence claim. 652 N.E.2d at 269–70. *Boyd* is factually distinct in that the underlying negligence claim involved product liability, for a propane heater manufactured by Coleman which exploded, as opposed to an automobile accident. *Id. Boyd* is legally distinct in that it was operating under Illinois law as opposed to Indiana law.[2] *Id.* However, the Court does

---

[2] *Boyd* is also factually distinct as in that case, the defective product was never examined by an expert but in this case the lighting system was allegedly examined by Grange's expert. *Id.* The Court does not find this to be a meaningful distinction given the evidence remains unavailable for examination by Ms. Gaston's expert to present a potentially competing evaluation, and is unavailable for use at trial. Further, it would create perverse incentives for the Court to conclude spoilation claims are categorically

4

not see these factual distinctions of the negligence claim as a meaningful distinction. Further, Illinois and Indiana law regarding negligence is substantively the same. *See e.g. Calles v. Scripto-Tokai Corp.*, 864 N.E.2d 249, 263–64 (Ill. 2007) (the elements of common law negligence in Illinois); *Rhodes v. Wright*, 805 N.E.2d 382, 385 (Ind. 2004) (the elements of common law negligence in Indiana).

The Court will also note that Illinois, unlike Indiana, does not recognize spoilation as an independent tort. *Boyd*, 652 N.E.2d at 194; *see also J.S. Sweet Co. v. Sika Chemical Corp.*, 400 F.3d 1028, 1032 (7th Cir. 2005) (describing Indiana's spoilation law). However, Illinois allows prosecution of spoilation injuries as negligence claims and Indiana's spoilation tort substantively operates as a negligence claim. *Boyd*, 652 N.E.2d at 194; *Sika*, 400 F.3d at 1032. Therefore, the two claims are similar enough that precedent of one can help inform the application of the other.

The *Boyd* court encouraged the trial judge on remand to join Coleman and Traveler's claims because "a single trier of fact would be in the best position to resolve all the claims fairly and consistently." *Id.* at 198. The court found this to be particularly important because if the plaintiff lost the underlying negligence claim, "only the trier of fact who heard the case would know the real reason why" and Traveler's spoilation liability turned on whether the loss or destruction of the evidence caused the plaintiff to be unable to prove the underlying suit. *Id.*

The Court concludes this reasoning applies with equal force to the instant case. If Ms. Gaston were to lose her underlying negligence claim, only the jury rendering the verdict would know precisely why she had lost and whether the absence of the lighting system evidence was relevant to that outcome. That in turn would be critical information to resolving Ms. Gaston's spoilation claim, as an essential element of the spoilation claim is establishing that she was

---

mitigated by the spoliating party having only their own expert examine the evidence before its destruction.

harmed by the spoilation, such as by losing her underlying case. *Thompson v. Owensby*, 704 N.E.2d 134, 140, 140 n.7 (Ind. App. Ct. 1998).

The Defendants address *Boyd* in their reply brief, but not in a meaningful sense. (DE 27 at 3.) The Defendants merely note that *Boyd* is not actually addressing a motion for bifurcation, it was an appeal of a motion for summary judgment, and dismissively conclude that *Boyd*'s relevance is limited to a comment "in dicta" that a Florida case mentioned a spoilation case and products liability case "could" be tried together. (*Id.*) The Defendants make no mention of the *Boyd* court's recommendation for the trial court to employ joinder. Nor do they discuss the analysis underlying that recommendation which considered facts very similar to the instant case.

It is a moot point whether this portion of *Boyd* is *dicta* because the case is only persuasive precedent. The fact it may be *dicta* does not detract from the persuasive power of its reasoning on why judicial economy is best served by joining the claims. For the Defendants to seemingly assert otherwise is not a persuasive rebuttal of that reasoning. Therefore, the Court finds *Boyd's* analysis on judicial economy instructive to this case and concludes that bifurcation would only harm the interests of judicial economy.

The Court next turns to the Defendants' prejudice claims. The Court finds that their prejudice concerns, while legitimate, are outweighed by the risk of prejudice to Ms. Gaston that bifurcation would cause. Further, the Court finds that the Defendants' prejudice concerns can be substantially mitigated or cured by other prophylactic tools at the Court's disposal.

The Defendants prejudice concerns are that a jury would be more inclined to finding against Mr. Hazeltine and Royal Paper after learning they possess liability insurance which would cover the cost of judgment. In support of this argument the Defendants cited to the case of *Traveler's Casualty & Surety Company v. Elkins Constructors, Inc.*, 2000 WL 724006 (S.D. Ind.

May 18, 2000), where the court granted an unopposed motion to bifurcate after being offered the same argument. The Court does not find *Traveler's* to be particularly instructive here given the motion to bifurcate in that case was unopposed. *Id.* While it does support the Defendants' concerns of prejudice, the Court nonetheless finds that prejudice can be mitigated.

While the fact Mr. Hazeltine and Royal Paper possessed liability insurance from Grange would almost inevitably be known by the jury in a concurrent trial, the Court can issue a limiting instruction to the jury to prevent them from considering it as evidence of culpability. Further, the Court can issue motions *in limine* to limit the discussion of liability insurance to the minimum degree necessary. These measures would substantially mitigate or cure any prejudice the Defendants would suffer.

In contrast, the Court would be unable to easily cure the prejudice to Ms. Gaston caused by a bifurcated trial. Ms. Gaston argues that bifurcated trials would require her to prosecute two actions instead of one, with the attendant costs and delays. Further, bifurcation might limit Ms. Gaston's ability in her negligence case to discuss the alleged role of Grange in an effort to limit the discussion of those Defendants' liability insurance.

The Court agrees with this assessment and would add that the additional costs of two trials seem particularly unnecessary given both cases would have overlap between their evidence and deal with some common issues relating to the lighting system. While the Court could mitigate some of the time delay issues by, as the Defendants suggest, scheduling the two trials closely together, that would not mitigate the financial and preparation burdens to Ms. Gaston. Further, it would not address the issue of potential exclusion of evidence of Grange's involvement. It would seem the only real cure to that issue would be to allow evidence of Grange's involvement at the negligence trial. But such admissions would likely admit the same,

or similar, evidence that would enter a concurrent trial and negate the purpose of bifurcation to avoid prejudicing the Defendants with evidence of their insurance status.[3]

Further, the Court would note that the discussion of liability insurance is likely inevitable, even with bifurcated trials, given that part of Ms. Gaston's negligence case would involve a discussion of the absent evidence and request for the jury to draw a negative inference from it. In order to lay the groundwork for that argument, Ms. Gaston would inherently be required to discuss who allegedly spoliated the evidence and the chain of events which led to the spoliation. That discussion would require disclosing the existence of Grange and its relationship to Hazeltine and Royal Paper.

As a related argument, the Defendants argue that keeping the claims together will cause issues with the application of Federal Rule of Evidence 411. This rule precludes introducing evidence of liability insurance to prove whether a person acted negligently or otherwise wrongfully. Fed. R. Evid. 411. The Court notes that this Rule still allows for the introduction of evidence about liability insurance for other purposes, and the Advisory Committee Notes show the rule is principally concerned with preventing the use of evidence of liability insurance for the purpose of proving fault. *Id.*

In this case, Ms. Gaston clearly indicated she does not intend to use evidence of the Defendants' liability insurance for the purpose of establishing liability. (DE 25 at 15.) Therefore, her proposed use of this evidence seems to fall outside the coverage of this Rule. It is within the Court's power to hold Ms. Gaston to this claim through a motion *in limine* and, as previously mentioned, curtail the jury's consideration of this evidence through a limiting instruction. While

---

[3] The Court's hypothetical discussion of evidentiary issues within this order should not be considered indications of how the Court intends to rule on a given evidentiary issue.

keeping these claims together may cause some issues with the application of Rule 411, the issues themselves are quite surmountable with tools at the Court's disposal and thus the issues are not an independent basis for bifurcating the claims.

In addition to the issues raised by the parties, the Court is concerned that bifurcation of these claims could pose an issue under the Seventh Amendment. Under the Seventh Amendment, "no fact tried by a jury, shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law." U.S. Const. amend. VII. As the Court has noted in a prior case, judges "must not divide issues between separate trials in such a way that the same issue is reexamined by different juries." *Hosteler v. Johnson Controls, Inc.*, 2018 WL 3868848, *7 (quoting *In re Rhone-Poulenc Rorer, Inc.*, 51 F.3d 1293, 1303 (7th Cir. 1995)).

The Court is concerned that by bifurcating these claims, two different juries would be required to decide the same factual question of whether the truck's lighting system was spoliated. Once in the negligence suit to determine if it was spoliated, and therefore whether its absence creates an evidentiary inference in favor of Ms. Gaston. And once in the spoilation suit to determine if Grange is responsible for its spoilation. With that being said, the Court will not decide this issue as the parties did not discuss it in their briefings and it is ultimately unnecessary for the Court to decide it as the other considerations weigh against bifurcating the claims.

Accordingly, the Court will deny the motion as bifurcation does not increase judicial economy, it would be prejudicial to Ms. Gaston, and any prejudice to the Defendants can be mitigated at a concurrent trial.

**(2)** ***Joinder is proper as the plaintiff's alternative claims against the defendants arise out of the same series of transactions and will involve a common question of fact***

The Defendants alternative argument is that they have not been properly joined in this case as Ms. Gaston has not alleged joint, several, or alternative liability between them and has not explained what common question of law or fact exists between them. Therefore, they argue the Court should sever their cases pursuant to Federal Rule of Civil Procedure 21.

As an initial matter, Ms. Gaston's complaint contains an allegation of alternative liability between the parties regarding the spoilation claim. (DE 9 ¶ 78.) Further, the Court once again finds the analysis in *Boyd* to be instructive on why an underlying negligence claim and the related spoilation claim should be tried together.[4] As previously mentioned, the *Boyd* court recommended to the trial judge on remand to join the two claims. 652 N.E.2d at 198–99. The Court will note that *Boyd* was applying the Illinois joinder rule, section 2–405 of the Illinois Code of Civil Procedure, but that provision has the same substantive legal requirements as Federal Rule of Civil Procedure 20 which governs this case. *Id.* at 199. *Compare* 725 ILCS 5/2-405(a) *with* Fed. R. Civ. P. 20(2)(a)–(b).

The *Boyd* court noted that the plaintiffs' claims against Coleman and Travelers arose out of the same transaction or series of transactions, namely the explosion of the heater and its subsequent loss while in Traveler's possession. *Id.* Additionally, there was a significant question of fact common to all parties. That is, whether the loss of the evidence caused plaintiffs to be unable to prove their claim against Coleman. *Id.* This reasoning applies with equal force to the facts of the instant case and satisfies the requirements of Rule 20. The claims against both sets of Defendants here arise out of the car accident and the subsequent loss of the truck's lighting

---

[4] The section on joinder in the Defendants' reply brief restates their general argument against *Boyd* as being dissimilar to the instant case. As the Court has disposed of this argument previously, it will not restate its analysis here. The remainder of Defendants' reply on joinder is spent distinguishing the other cases cited by Ms. Gaston in her response. As the Court did not need to utilize those cases in reaching its conclusion, it will not address those arguments.

system. Further, it is a significant question of fact common to both parties as to whether the loss of the lighting system as evidence will render Ms. Gaston unable to prove her negligence claim.

Accordingly, the Court concludes that the requirements of Rule 20 are satisfied, and joinder is proper in this case.

### D. Conclusion

For the previously stated reasons, the Defendants motion to bifurcate is DENIED (DE 21) and the Court finds that Ms. Gaston properly joined the claims against Mr. Hazeltine and Royal Paper with her claims against Grange.

SO ORDERED.

ENTERED: August 30, 2022

/s/ JON E. DEGUILIO
Chief Judge
United States District Court